[No. 5760.]

## THE PEOPLE EX REL. ROBINSON v. THE PITTS-BURGH RAILROAD COMPANY.

MISUSE OF THE EMINENT DOMAIN BY IMPOSITION UPON THE COURT. — The Pittsburg Coal Company owned mines five miles distant from the San Joa-quin River, and in order to secure convenient transportation for its coal, the Pittsburg Railway Company was incorporated by the stockholders of the coal company. The articles of incorporation declared the purpose of the new company to be to transport freight and passengers. Upon this repre-sentation, and in the belief that the land was required for a public use, the District Court, by the usual judicial proceeding, authorized the corporation to take land, which was the private land of R, for its railway. The rail-way was constructed and was operated exclusively for the transportation of the coal—no passenger or other cars being provided for the use of the

Statement of Facts.

public: *held*, that the proceedings in condemnation amounted to an imposition upon the Court.—[Reporter.]

Same—Right of the State to Correct the Abuse.—In such a case, it is competent for the State, upon discovering the misuse of its authority by which private property has been wrongfully taken, to interpose, by its Attorney-General, to correct the abuse.—[Reporter.]

Appeal from the District Court of the Third Judicial District, San Francisco.

The action was brought to annul the defendant's franchise, and to dissolve the corporation.

The complaint alleges that in September, 1861, H. F. Allen, C. W. Lander, Levi Stevens, Judah Baker, Jr., J. M. Johnson, and C. C. Baker formed a corporation called the "Pittsburg Coal Mining Company," for the purpose, as declared in its articles, of mining for coal in Contra Costa County. That for the conduct of their business it became desirable to have a railroad running from the mines to the San Joaquin River, through the Rancho Los Medanos, a distance of about five miles, in order to transport their coal to a convenient place of shipment. In order to avail themselves of the power of eminent domain, the same parties, with a few others who were also stockholders in the said coal company, formed another corporation, designating it "The Pittsburg Railroad Company," and declared, in their articles of incorporation, that the purpose of the new corporation was to transport freight and passengers, intending it to be understood that the proposed railway was to be for the public use and benefit. Subsequently, by the usual judicial proceedings, they procured the condemnation of sufficient land of the Rancho Los Medanos, which was the private property of the relator, Robinson, for the purpose of the railway. The railway was then constructed, and has since been continuously in operation, but has been exclusively engaged in carrying coal from the mines of the Pittsburg Coal Company, having no cars for passengers, or for the convenience of the public in any way, and no freight cars except those designed for carrying coal.

The defendant demurred that the complaint did not state a cause of action, and also upon special grounds. The demurrer was sustained and the plaintiffs appealed.

*Attorney-General Hamilton,* for Appellant.

*E. L. Goold,* also for Appellant.

What were the purposes which would have justified defendant's taking? The public convenience in traveling over the road, as well as the carrying of freight, in proper vehicles to be provided for that purpose, for the convenience of the public in general. These being the purposes which justified the taking, the property must be held in accordance with them. Otherwise it would be a fraud on the owner and an abuse of power.

Our statute distinctly contemplates provision for passengers. The lawmaker understood a railroad to be a vehicle of that description. In fact, the argument in favor of the power to confer the eminent domain on private persons for railroad purposes was based, in good part, on the analogy between these iron roads and the old highways or turnpikes. (Angell & Ames on Cor. 10th ed. p. 810, and cases cited; *Lance's Appeal,* 55 Penn. St. 16; *Bloodgood's Case,* 18 Wend. 9; *Memphis Freight Co.* v. *Mayor of Memphis,* 4 Coldwell, 423; *Stockton Railway* v. *Brown,* 9 House of Lords, 256.)

The laws of California provide for the creation of such railroad companies as are established for the public good, and no others. Every such company is bound to act up to the purpose of its creation. A substantial failure to comply with this obligation justifies a forfeiture of the franchise.

*J. B. Harmon,* for Respondent.

The mere fact that defendant does not carry passengers or freight for the public is not ground of forfeiture of its charter. A railroad corporation may exist in law, though engaged solely in transporting coal from the mine of its owners to tide water; nor does the fact that the articles of association of defendant state its purpose, among other things, to be the "transportation of freight and passengers," make any difference, unless it be shown that the corporation refuses to transport freight or passengers when offered; and even such refusal is not ground of

forfeiture under all circumstances.   But plaintiff must go this length or fail in the present suit, as cases cited show.

Again :  " Forfeiture is not enforced except where the violation has been of some provision of the law which is vital and essential to the objects of the trust or grant.   The misuser or non-user must be such as to prevent or destroy the object of the grant, or else it must amount to a misdemeanor in the trust, injurious to the public ; and this must be made out clearly by the State."   (*Thompson* v. *People*, 23 Wend. 580 ;   *Commonwealth* v. *Fitchburg Railroad Co.* 12 Gray, 186–9 ;  *People* v. *Manhattan Co.* 9 Wend. 373–6.)

By the COURT :

The demurrer to the complaint was improperly sustained.   In its proceedings for the condemnation of Los Medanos Rancho for railway purposes, the defendant (assuming to exercise the eminent domain) purported to act as agent of the State in the appropriation of private property for *public use.*   It now appears by the complaint, however, that this assumption was a mere false pretense ; that the use for which these lands were taken was, in fact, a mere private use, and one to which the eminent domain is of course inapplicable.   The proceedings in condemnation amounted to an imposition upon the Court before which they were had.

It is certainly competent for the State, upon discovering the misuse of its authority, whereby the private property of one of its citizens has been wrongfully taken for the private use of another, to interpose by its Attorney-General to correct the abuse.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the complaint.   Remittitur forthwith.